UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ANTHONY VESSELS**,

       Plaintiff,            CASE NO.: **3:09-cv-1168-J-25JRK**

**THE STATE OF FLORIDA,** etc., *et al,*

       Defendants.

_____/

## O R D E R

This Cause is before the Court upon Defendant G4S Youth Service LLC's Motion to Dismiss and/or Motion for More Definite Statement (Dkt. 68) and Defendant Kutanna Woods' Motion to Dismiss (Dkt. 69). Plaintiff has filed oppositions to the motions.

**Background**

In 2008, Plaintiff was a resident in Florida's juvenile justice system at Hastings Youth Academy which was operated by G4S Youth Services, LLC. On February 9, 2008, he alleges he was "attacked" by several G4S employees, specifically naming Kutanna Woods. He alleges that Ms.

Woods deliberately twisted his arm and knocked him to the ground, causing his shoulder to fracture. He has filed a complaint in this Court under Section 1983 and state law.

**Standard**[1]

The Eleventh Circuit's recent decision in *Randall v. Scott*, 610 F.3d 701 (11th Cir 2010) discussed motions to dismiss in Section 1983 actions:

> A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth-legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief...There is no "heightened pleading standard" as it relates to cases governed by Rule 8(a)(2), including civil rights complaints.

*Id.* at 709-10.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

---

[1] Most internal citations will be omitted in this Order.

the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *American Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010).

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to request a more definite statement before interposing a responsive pleading when a pleading is so vague and ambiguous that a party cannot reasonably be required to frame a response. The Court recognizes that motions for a more definite statement are disfavored. *Erickson v. Hunter*, 932 F. Supp. 1380, 1384 (M.D. Fla. 1996).

**Analysis**[2]

As to Ms. Woods motion, she maintains that Plaintiff has not sufficiently pled battery because he did not allege that she acted intentionally to injury him. However, a battery consists of the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent. *Paul v. Holbrook*, 696 So. 2d 1311, 1312 (Fla. 5th DCA 1997). Plaintiff has sufficiently alleged a battery claim; he is not required to allege intent to

---

[2] The Complaint referenced in this Order is actually Plaintiff's Second Amended Complaint.

injure.

Ms. Woods also maintains that Plaintiff's punitive damages claim is due to be stricken per Florida Statute Section 768.72. Plaintiff correctly counters that a plaintiff in federal court need not abide by this statute. *Taylor v. Dean,* 2006 WL 4756452 *7 (M.D. Fla. 2006).   Accordingly, Ms. Woods' motion is due to be denied.

As to Defendant G4S Youth Services, LLC (Defendant)'s motion, it first argues that Plaintiff failed to plead battery against it because generally battery is outside the scope of a worker's employment.

Plaintiff counters that under Florida law, an employee's conduct is within the scope of his employment if the conduct: 1) was the kind the employee was employed to perform; 2) occurred within time and space limits of  employment; and 3) was activated at least in part by a desire to serve the employer. *Sussman v. Florida East Coast Properties, Inc.*, 557 So.2d 74, 75-76 (Fla. 3d DCA 1990).

While battery is outside the scope of employment in most professions, in this case the conduct involved "take downs," which is the kind of action Ms. Woods, as a youth care worker, was authorized to perform in certain circumstances.

Defendant also argues Plaintiff failed to sufficiently allege negligent hiring. To make out a prima facie case for negligent hiring, a plaintiff must establish: "(1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known." *Loos v. Club Paris, LLC,* 684 F.Supp.2d 1328, 1334 (M.D.Fla. 2010).

Defendant maintains that Plaintiff fails to allege an appropriate investigation would have revealed Ms. Woods was not a suitable employee; there was nothing about Ms. Woods' references or past which would make her unemployable.

Plaintiff counters that the Complaint alleges multiple deficiencies in the hiring process including the allegation that Ms. Woods' employment application requested references who "knew" of the "applicant's qualifications" but that instead Ms. Woods listed three "friends."  Plaintiff alleges that if Defendant properly investigated Ms. Woods, it would have discovered she was not suitable.

5

Plaintiff also alleges that Ms. Woods was rehired after previously working for Defendant despite the fact that during her initial employment Ms. Woods was cited for, *inter alia*, "jeopardizing the safety and security of the students and fellow staff" and her supervisors recommended discipline based on the infraction(s). The Court agrees that the Plaintiff's Complaint satisfies the elements of negligent hiring.

Similarly, a negligent retention claim arises where, *inter alia*, the employer knew or should have known the employee was unfit but failed to take appropriate action. *Garcia v. Duffy,* 492 So. 2d 435, 438 (Fla. 2d DCA 1986). Defendant notes that although it had issued warnings to Ms. Woods prior to the incident at issue in this case, Plaintiff failed to allege Ms. Woods was previously involved in an improper take down or had a tendency towards violence. Plaintiff correctly notes that Defendant has not cited any case that supports its argument that he must establish Ms. Woods was unfit due to past incidents of violence or violent tendencies.

As to the Section 1983 excessive force claim,[3] Plaintiff maintains Defendant violated his Eighth Amendment rights by: 1) failing to properly

---

[3] Plaintiff asserts six separate theories of Section 1983 liability. Considering the uncomplicated facts in this case, the Complaint comes dangerously close to the definition of a shot gun pleading.

train and screen employees; 2) failing to follow established safety procedures and rules; 3) failing to prevent foreseeable harm to Plaintiff by failing to address previous staff misconduct; 4) failing to provide necessary and appropriate personnel; and 5) facilitating an environment where employees allowed to remain unpunished in the face of many incidents of misconduct.

Plaintiff's Complaint includes the allegations that: (1) several of Defendant's employees remained on staff despite poor performance including improper take downs prior to the incident at issue in this case; (2) Defendant failed to follow the Department of Juvenile Justice (DJJ)'s safety procedures as demonstrated by the Notice to Cure issued after the incident in question; and (3) the Sheriff's Office has received multiple reports of past problems at the facility.

Plaintiff's Complaint alleges that three of Defendant's other employees present at the scene during the incident in question have citations in their employee files for improper or excessive use of take downs.  Defendant notes that Plaintiff has failed to allege these violations occurred before the subject incident.

Defendant also points out that the Department of Juvenile's "Notice

to Cure" letter was sent after the subject incident and Plaintiff has not alleged that the St. Johns County reports involved prior incidents with Ms. Woods or involved excessive use of force in a take down.  However, the Complaint specifically alleges that some of the prior reports involved "staff on youth battery."

Plaintiff also maintains that Defendant failed to meet his medical needs after he was injured. Defendant counters that there are registered nurses at the facility and, further, Plaintiff has failed to plead acts or omissions that evidence deliberate indifference to his medical needs; a three hour delay until he was transported to Flagler Hospital, without more, is insufficient to support his claim. Defendant also notes that he has not alleged that the delay caused him any injury.

Plaintiff points out that his Complaint includes the allegation that Defendant failed to seek medical care despite his complaints regarding "extreme pain and eventually a total loss of feeling in his shoulder and arm...." In sum, Plaintiff has alleged that the delay in transporting him to the hospital constituted a deliberate indifference to his serious medical needs.[4]

In sum, while it is true that some of Plaintiff's allegations are vague,

---

[4] The Court disagrees with Defendant's position that Plaintiff is attempting to assert a medical malpractice claim.

he has sufficiently supported the Counts asserted in the Complaint and the Court finds that it is not necessary to have Plaintiff amend his Complaint at this point in the proceedings; Defendant may renew its arguments at the summary judgment stage if it chooses.

As to punitive damages, this issue is discussed in the section that addresses Ms. Wood's motion. Accordingly, is it **ORDERED**:

1. Defendant G4S Youth Service's Motion to Dismiss and/or Motion for More Definite Statement (Dkt. 68) is **DENIED**;

2. Defendant Kutanna Woods' Motion to Dismiss (Dkt. 69) is **DENIED**.

**DONE AND ORDERED** in Chambers this 4th day of April, 2011.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to:
Counsel of Record